FILED
U.S. DISTRICT COURT

2010 SEP 21  PM 4: 20

_L. Feluder_
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCE INDUSTRIAL MAINTENANCE & MACHINE, INC.,<br><br>Defendant. | CIVIL ACTION NO. **CV110-124**<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Elizabeth N. Courtney ("Courtney") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission, (hereinafter "Plaintiff") alleges that Defendant Advance Industrial Maintenance & Machine, Inc., (hereinafter "Defendant" or "Company") subjected Courtney to unlawful

1

discrimination by terminating her employment because of her pregnant status, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Georgia, City of Augusta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Elizabeth N. Courtney filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 1, 2008, Defendant has engaged in unlawful employment practices at its Augusta, Georgia facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by terminating Courtney's employment due to her pregnancy.

8. On January 3, 2008, Courtney began working for Defendant as a front office worker.

9. In June 2008, Courtney learned that she was 6 weeks pregnant.

10. The following day, Courtney informed her supervisor, Robert Fox, of her pregnancy.

11. Upon learning of Courtney's pregnancy, Fox informed her that it would be in the best interest for her and the company if she started looking for another job.

12. A few weeks later, Courtney began experiencing complications with her pregnancy and her doctor placed her on bed-rest from July 3, 2008 through July 8, 2008.

13. Courtney immediately notified Fox of her condition and offered to bring in a doctor's note evidencing the doctor recommended bed-rest.

14. Fox told Courtney that it would not be necessary to bring in a doctor's note.

15. On July 7, 2008, Fox called Courtney and directed her to come into the office for a meeting.

16. When Courtney arrived at the office with a copy of the doctor's note, Fox told Courtney that he believed her pregnancy would take a toll on her work and job performance and that it would be best that they part ways.

17. Fox directed Courtney to return to the office on July 8, 2008 in order to retrieve her belongings and termination papers.

18. When Courtney arrived at the office on July 8, 2008, she was presented with a Georgia Department of Labor Separation Notice which identified her last day of work as July 1, 2008, and stated "Medical Condition prevents employee's attendance, and she is therefore unable to perform duties."

19. The effects of the practices complained of in paragraphs 7 through 18, above, have been to deprive Courtney of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

20. The unlawful employment practices complained of in paragraphs 7 through 18, above, were intentional.

21. The unlawful employment practices complained of in paragraphs 7 through 18, above, were carried out with malice and/or reckless indifference to the federally protected rights of Courtney.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Courtney, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Elizabeth Courtney, and/or front pay.

D. Order Defendant Employer to make whole Courtney, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 18, above, including job

search expenses and medical expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Courtney, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 18, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay to Courtney punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 7 through 18, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the United States Equal Employment Opportunity Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The United States Equal Employment Opportunity Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/17/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

James L. Cerwinski
Trial Attorney
Georgia Bar No. 277846.
james.cerwinski@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:  (404) 562-6905